UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NANCY LECOQ, et al                                                    CIVIL ACTION

VERSUS                                                                        NO.  12-485-JJB-RLB

GREAT WEST CASUALTY
COMPANY, et al

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 21, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NANCY LECOQ, et al**                                             **CIVIL ACTION**

**VERSUS**                                                          **NO. 12-485-JJB-RLB**

**GREAT WEST CASUALTY
COMPANY, et al**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a referral of Plaintiffs' Motion to Remand, filed on September 7, 2012. (R. Doc. 5).  Defendants filed an Opposition (R. Doc. 5), to which Plaintiffs replied (R. Doc. 8).  At the outset, the Court notes this is the second time this action has been removed to the United States District Court for the Middle District of Louisiana.  *See Lecoq, et al v. Great West Cas. Ins. Co.*, et al, No. 11-cv-626-BAJ-SCR (M.D. La. Sept. 14, 2011).  For the reasons discussed below, the Court recommends that Plaintiffs' Motion be **GRANTED**.

**I.     BACKGROUND**

Plaintiffs filed their personal injury action on August 11, 2011 in the 18th Judicial District Court in Iberville Parish, Louisiana, for injuries sustained in a car accident. (R. Doc. 5-2).  Plaintiffs named four Defendants in their state court Petition – first, Great West Casualty Insurance Company ("Great West"), a Nebraska corporation with its principal place of business in South Sioux City, Nebraska;[1] second, Dana Transportation, Inc. ("Dana"), a New Jersey corporation with its principal place of business in Avenel, New Jersey (R. Doc. 1 at 3); third, Robert Young ("Young"), a Texas domiciliary employed by Dana Transportation who drove the

---

[1] Great West is the liability insurer of Dana Transportation. (R. Doc. 1 at 3).

1

vehicle which allegedly injured Plaintiffs (R. Doc. 1 at 3); finally, Louisiana Farm Bureau Insurance Company ("LAFBIC"), Plaintiffs' uninsured/underinsured motorist insurer who is domiciled in Louisiana (R. Doc. 5-1 at 2).

### A.     Previous Removal and Motion to Remand

Defendants Great West, Dana and Young, first removed the action to the United States District Court for the Middle District of Louisiana on September 14, 2011.  *See Lecoq, et al v. Great West Ca. Ins. Co., et al*, No. 11-cv-626-BAJ-SCR (M.D. La. Sept. 14, 2011).  Defendants argued the Court had jurisdiction over Plaintiffs' action based on diversity of citizenship. (No. 11-626, R. Doc. 1).  According to Defendants, complete diversity existed because LAFBIC was improperly joined as Plaintiffs' uninsured/underinsured motorist liability insurer, despite Dana carrying insurance coverage in upwards of $5,000,000. (No. 11-626, R. Doc. 1 at 3).  Defendants argued the amount in controversy had been met because, based "upon information and belief," one of Plaintiffs' medical bills exceeded $35,000 and Plaintiffs failed to stipulate that the amount in damages did not exceed $75,000.  Plaintiffs then moved to remand, arguing that Defendants had not shown the amount in controversy exceeded $75,000 and that LAFBIC had not been improperly joined. (No. 11-626, R. Doc. 6).

The Magistrate Judge recommended granting Plaintiffs' Motion for Remand (No. 11-626, R. Docs. 12), which the District Court adopted (No. 11-626, R. Docs. 17 and 19).  In his Report and Recommendation, the Magistrate Judge found that LAFBIC had been improperly joined because Plaintiffs sued LAFBIC as their uninsured motorist carrier, but failed to show their damages exceeded the amount of insurance coverage available to Dana under Dana's insurance policy. (No. 11-626, R. Doc. 12 at 10).  The Court rejected Plaintiffs' argument that they properly sued LAFBIC to recover under the Medical Payment coverage — which did not depend

on the uninsured/underinsured status of Defendants — because Plaintiffs "did not allege in their Petition for Damages a claim against [LAFBIC] under the policy's Medical Payment coverage." (No. 11-626, R. Doc. 12 at 11).

Notwithstanding the parties' complete diversity, the Magistrate Judge recommended remand because Defendants failed to support the required amount in controversy "by any actual information." (No. 11-626, R. Doc. 12 at 10). Given Defendants' failure to submit medical evidence or describe Plaintiffs' injuries, the Court could not find the amount in controversy was satisfied based on Plaintiffs' refusal to stipulate their damages were less than $75,000. (No. 11-626, R. Doc. 12 at 10).

### B. Current Removal

Defendants Great West, Dana and Young, removed the action for a second time on August 10, 2012 based on diversity jurisdiction. (R. Doc. 1). Defendants allege they timely removed the action less than one year after filing and within 30 days of learning the case had become removable. (R. Doc. 1 at 1). Defendants also contend that non-diverse LAFBIC has been improperly joined to defeat diversity. (R. Doc. 1 at 8-10). Defendants' improper joinder argument is based on a new theory, however, because Plaintiffs amended their Petition after remand on January 6, 2012, to include a claim for Medical Payment coverage. (R. Doc. 5-11 at 7). In addition to complete diversity, Defendants argue the amount in controversy has been met based on Nancy Lecoq's medical records. (R. Doc. 1 at 11, 16).

### C. Current Motion to Remand

Plaintiffs moved to remand the case within 30 days of removal on September 7, 2012. (R. Doc. 5). Plaintiffs offer two reasons for remand. First, Plaintiffs argue a lack of complete diversity because LAFBIC is a proper party to the suit. (R. Doc. 5-1 at 8). Second, Plaintiffs

allege that Defendants removal was untimely noticed more than 30 days after the case became removable. (R. Doc. 5-1 at 10). Finally, Plaintiffs concede that Defendants correctly assert the amount in controversy is satisfied. (R. Doc. 5-1 at 10).

Defendants oppose the Motion and urge their removal was both substantively and procedurally sound. (R. Doc. 6).

## II.     LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Whether subject matter jurisdiction exists, at the time of removal, is based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

### A.     Amount in Controversy

The Court's subject matter jurisdiction is only proper if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Because Plaintiffs' claims arise out of the same "case or controversy," as long as one of the Lecoq's claims satisfy the amount in controversy requirement, the Court may exercise supplemental jurisdiction over the entire civil action. *See Exxon Mobil Corp. v. Allapath Servs., Inc.*, 545 U.S. 546, 566 (2005) (district court has

4

supplemental jurisdiction "[w]hen the well-pleaded complaint . . . includes multiple claims, all part of the same case or controversy, and some, but not all, of the claims are within the court's original jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 371 n.10 (1978) (multiple claims form part of the same case or controversy when arising out of a "common nucleus of operative fact"); *Garza v. Nat'l Am Ins. Co.*, 807 F.Supp. 1256, 1257-58 (M.D. La. 1992) (family members' claims arose from a "common nucleus of operative fact—that is, the automobile accident"); 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, [they] shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy").[2]

Pursuant to 28 U.S.C. §1446(c)(2), if removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  However, if the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The removing defendant bears the burden of proof and may do so by: (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000;" or (2) establishing "summary judgment type evidence" to support that the amount exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).  If the defendant is successful, the plaintiff seeking to remand back to state court must "show that, as a

---

[2] The Court notes that none of the exceptions contained in 28 U.S.C. § 1367(b) are applicable to Plaintiffs' cause of action. 28 U.S.C. § 1367(b) (when diversity jurisdiction exists, a court "shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . ."); *see also* Fed. R. Civ. P. 14 (a defending party may join "a nonparty who is or may be liable to it for all or part of the claim against it"); Fed. R. Civ. P. 19 (joinder of indispensable parties); Fed. R. Civ. P. 20 (permissive joinder of parties); Fed. R. Civ. P. 24 (intervention).

5

matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

Article 893(A)(1) of Louisiana's Code of Civil Procedure generally prohibits a plaintiff from pleading a "specific monetary amount of damages." Here, Plaintiffs' Petition does not request a specific amount of damages. Instead, Plaintiffs seek recovery for various categories of damages, including: pain and suffering, mental anguish and suffering, loss of enjoyment of life, medical expenses, and lost wages. (R. Doc. 5-2 at 3). Despite not having pled a specific amount of damages, both Plaintiffs and Defendants assert the amount in controversy exceeds $75,000. (R. Doc. 1 at 14-16; R. Doc. 5-1 at 5, 10). Having reviewed the pleadings and applicable law, the Court agrees with Plaintiffs and Defendants that the amount in controversy exceeds $75,000.

In a tort action, Louisiana Civil Code article 2324.1 affords much discretion to the jury "in the assessment of damages." *See also Chevalier v. Reliance Ins. Co. of Ill.*, 953 F. 2d 877, 882 (5th Cir. 1992) (in tort action under Louisiana law, jury was within its discretion in awarding plaintiff double the amount of his actual lost wages); *Ezernack v. Progressive Sec. Ins. Co.*, 899 So. 2d 870, 872 (La. App. 3 Cir. 4/6/05) ($25,000 awarded to husband for lost enjoyment after wife's injuries). Where an injured plaintiff has claimed damages for medical expenses, the court should award the full amount of past medical expenses, and a reasonable amount of future medical expenses, proven by the victim. *Carpenter v. Johnson*, 664 So. 2d 1354, 1358 (La. App. 1 Cir. 12/15/95) ("a trier of fact errs when it fails to award the full amount of medical expenses proven by a victim"). If damages for pain and suffering are plead in addition to medical expenses, an award of medical expenses should be accompanied by an award for pain and suffering. *Olivier v. Gray Ins. Co.*, 664 So. 2d 497, 498 (La. App. 3 Cir. 10/25/95) ("it is clear error for a jury to award medicals, without awarding damages for pain and suffering").

6

Here, Defendants have presented sufficient medical evidence establishing that Plaintiff Nancy Lecoq's medical bills totaled $58,590, as of removal. (R. Doc. 1 at 16). Defendants also allege that Ms. Lecoq's medical records indicate she "is experiencing pain in her neck, lower back and arms and has been diagnosed with cervical and lumbosacral spondylosis. . . . Her records indicate she is considering surgical options [after several failed treatments]." (R. Doc. 1 at 16). Depending upon the evidence presented at trial, Ms. Lecoq could potentially recover the full amount of past medical expenses, as well as future medical expenses. Ms. Lecoq's medical expenses would also be accompanied by an award for pain and suffering, which varies greatly under Louisiana law. *Chevalier*, 953 F. 2d at 882 ("A Louisiana court has stated that $50,000.00 for both past and future pain and suffering is in the higher range of the lower court's discretion." (citations omitted)). In addition to medical evidence, Defendants represent that Plaintiffs have refused two offers of judgment from Defendants in the amount of $75,000, exclusive of interests and costs. (R. Doc. 1 at 14). Finally, Plaintiffs do not deny that the amount in controversy exceeds $75,000 and even suggest that the addition of the Medical Payment claims made it "facially apparent that the amount in controversy was in excess of $75,000." (R. Doc. 8 at 2).

**B.    Timeliness of Removal**

Generally, a defendant's notice of removal must be filed within 30 days after service of the initial pleading or service of summons. 28 U.S.C. § 1446(b)(1). If the initial pleading is not removable, the defendant must file its notice within 30 days of receiving "other paper" — document(s) "from which it may ascertain that the case is, or has become, removable." *Mumfrey v. CVS Pharmacy, Inc.*, -- F.3d --, No. 12-40419, 2013 WL 2476402, at *4 (5th Cir. June 10, 2013) (citing 28 U.S.C. § 1446(b)(3)). In any event, removal may not occur more than one year after commencement of the action. 28 U.S.C. § 1446(c)(1).

7

The record indicates that Defendants removed the action within 30 days of obtaining the affidavit of Bettye Ann Browning ("Ms. Browning"), a LAFBIC claims adjuster. (R. Doc. 6 at 11). Defendants assert that complete diversity exists because LAFBIC is improperly joined and that Ms. Browning's affidavit constitutes "other paper" which "clearly shows that Plaintiffs do not have a viable claim against Farm Bureau." (R. Doc. 6 at 4).

In their Motion to Remand, Plaintiffs urge the Court to disregard Defendants' argument because Defendants have alleged that LAFBIC was improperly joined since their first removal; "[t]hat position has never changed." (R. Doc. 5-1 at 10). In Plaintiffs' mind, the only thing that separates this removal from the previous one is "that the defendants have this time presented actual evidence of the amount in controversy requirement." (R. Doc. 5-1 at 10). According to Plaintiffs, Defendants received this "actual evidence" or "other paper" — Nancy Lecoq's Highmark Blue Shield medical expenses — as early as November 7, 2011. (R. Doc. 5-1 at 10; R. Doc. 5-10 at 7). Additionally, Plaintiffs claim their refusal to accept Defendants' $75,000 offers of judgment made in February and June of 2012 also constituted "other paper." As such, Plaintiffs argue that Defendants' failure to remove within 30 days of receiving evidence of the amount in controversy warrants remand.

This case was originally removed to federal court on September 14, 2011 and remanded on January 5, 2012. (No. 11-626, R. Docs. 1, 19). The day after the case was remanded to state court, Plaintiffs amended their petition to include a claim for Medical Payments. (R. Doc. 5-11). This amended Petition does not constitute "an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. § 1446(b)(3). Because Plaintiffs' Medical Payments coverage exists independently of their UM coverage, the basis for the previous finding of improper joinder became inapplicable once the

8

Petition was amended to include Medical Payments. Accordingly, even if Plaintiffs could satisfy the requisite amount in controversy through medical records or offers of judgment, Defendants still could not remove the action after the petition was amended to include Medical Payments, as complete diversity no longer existed.

Defendants argue that the removal was timely as it occurred within 30 days after they received the Browning affidavit, which Defendants characterize as an "other paper" for purposes of removal. Defendants claim that it was not until they received the Browning affidavit that they were able to conclude that LAFBIC was improperly joined and that federal jurisdiction existed.[3] As discussed more fully below, the Court finds that the Browning affidavit did not provide grounds for removal on the basis of improper joinder. Accordingly, the issue of whether the removal is untimely is moot, as the Browning affidavit does not constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b)(3).

### C. Complete Diversity

Defendants must prove there is complete diversity for the Court to exercise subject matter jurisdiction under 28 U.S.C. § 1332(a). Defendants argue that although LAFBIC is a nondiverse Louisiana citizen, it was improperly joined to defeat diversity jurisdiction and prevent removal.

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*,

---

[3] Ordinarily, "an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one." *S.W.S. Erectors, Inc. v. Infax*, 72 f.3D 489, 494 (5th Cir. 1996). The affidavit of Ms. Browning, however, was obtained during discovery and is not based on Defendants' "subjective knowledge." *See Janke v. Babcock Co., Inc.*, No. 12-513, 2012 WL 1499292, at *3 (E.D. La. April 27, 2012) (affidavit of representative of nondiverse co-defendant was considered "other paper").

9

326 F.3d at 646-47.  In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

     Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant."  *Id*.  However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry."  *Id*.  The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs.  *Travis*, 326 F.3d at 649.  If the court concludes that the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction.  *Id*.

     According to the state court record, after remand the Plaintiffs amended their Petition on January 6, 2012 to include a claim against LAFBIC for Medical Payments, as opposed to UM benefits. (R. Doc. 1-4).  As stated in the Magistrate Judge's Report and Recommendation, the policy's Medical Payment coverage does not depend on the uninsured/underinsured status of the alleged tortfeasor. (Policy, R. Doc. 5-5 at 3).  There is no dispute before the Court that the Plaintiff had such coverage with LAFBIC.

     Section A of Louisiana Revised Statute 22:1973 imposes an "affirmative duty" upon insurers to act in good faith by "adjust[ing] claims fairly and promptly" and making "a

10

reasonable effort to settle claims with the insured or the claimant."[4]  Section B of the statute lists certain acts that would "constitute a breach" of this affirmative duty.  According to section B(5), an insurer breaches its duty by "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause."  La. Rev. Stat. § 22:1973(B)(5).  The Louisiana Supreme Court has "described an insurer's actions as 'arbitrary and capricious' when its willful refusal of a claim is not based on a good faith defense, or is unreasonable or without probable cause."  *Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 173 (La. 1/19/00) (analyzing prior version at La. Rev. Stat. § 22:1220).

Defendants claim that Plaintiffs do not have a viable claim against LAFBIC for medical benefits because LAFBIC is willing to distribute the maximum amount of those benefits under the policy but Plaintiffs have refused to accept payment.  In support, Defendants offer the affidavit of Ms. Browning, who states, among other things, that:

(1) "following the accident on September 2, 2010, [LAFBIC] received a lien in the amount of $5,850.58 from Health Care Recoveries for treatment rendered to Nancy Lecoq and/or Christopher Lecoq;"
(2) on February 14, 2012, Plaintiffs' attorney instructed her "to withhold issuance of the $5,000 medical payment"—the policy's maximum amount of coverage—until instructed, due to the pending litigation;
(3) on August 24, 2011, Plaintiffs' attorney gave LAFBIC "an indefinite amount of time" to respond to the Petition; and
(4) "no demand for payment has been made to [LAFBIC] by Plaintiff" under the claimed Medical Payment coverage.

(R. Doc. 1-3 at 1-2).

Defendants argue that until they "obtained the affidavit of [Ms. Browning] which indicated that [LAFBIC] had offered to pay this amount without the suit and that the Plaintiffs

---

[4] Effective January 2009, Louisiana Revised Statute 22:1220 was renumbered as Louisiana Revised Statute 22:1973.  *See* 2008 La. Sess. Law Serv. Act 415, § 3 (changes to Title 22 effective January 2009).  The change in numbering had no effect on the substantive provisions of the law or its prior interpretations. *Id.* at §1 (explaining title 22 would be renumbered "without changing the substance of the provisions").

11

had refused payments, Defendants had no way to show that the claims against [LAFBIC] were fraudulent." (R. Doc. 6 at 11).

This is not an accurate characterization of the contents of the affidavit. Plaintiffs filed suit on August 11, 2011 and, based on the affidavit, the extension of time to answer was discussed on August 24, 2011. There is no indication in the affidavit that, prior to the filing of the lawsuit, LAFBIC offered payment under the policy to avoid the lawsuit. Furthermore, Plaintiffs amended their petition to add Medical Payment claims on January 6, 2012. The affidavit states that the instruction to withhold the issuance of payments was not until February of 2012 – after the lawsuit had been filed and amended.

Contrary to Defendants' assertion, the affidavit does nothing to indicate that the claims against LAFBIC are fraudulent or in any way frivolous. Instead, although not explicitly stated, it sets forth facts that appear to reflect a refusal by the Plaintiffs to settle legitimate claims against LAFBIC at this time by paying the lienholder for Plaintiffs' medical treatment.

Although the Plaintiffs set forth reasons why the medical payment has not been tendered, the Court need not address the sufficiency of those reasons. Defendants have provided no authority supporting a determination that a party has been improperly joined because the plaintiff refused to settle its claim on terms that the removing party deems advantageous. For the Court to make such a finding would be no different than the Court forcing a party to settle a lawsuit – something it cannot do. *See Theatre Time Clock Co. v. Motion Picture Adver. Corp.*, 323 F. Supp. 172, 174 (E.D. La. 1971) (although "settlements of civil controversies are highly favored by courts" the courts "cannot force a settlement on parties where no settlement was intended"). Defendants also do not dispute that there has been no dismissal or agreement of dismissal of LAFBIC from the action, whether voluntary or involuntary.

For the forgoing reasons, Defendants have failed to meet their burden of proving that Plaintiffs improperly joined LAFBIC to this action.

**D.     Attorney Fees**

There is no automatic entitlement to an award of attorney fees under 28 U.S.C. § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *e.g.*, *Hornbuckle*, 385 F.3d, at 541; *Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 293 (C.A.5 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* at 141.

Considering the facts known to Defendants at the time of removal, and the applicable law, Defendants' removal was not objectively reasonable because it was apparent that diversity of citizenship did not exist. Therefore, the court may award costs and reasonable attorney's fees to Plaintiffs, and should do so. Plaintiffs did not submit anything to support an award in any particular amount. A review of Plaintiffs' motion and supporting memoranda supports an award of $400.

**IV.    RECOMMENDATION**

For the foregoing reasons, although Defendants have shown by a preponderance of the evidence that the amount in controversy required by §1332 is present, Defendants have failed to show that LAFBIC was improperly joined.  As such complete diversity between the parties does not exist.  It is therefore **RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 5) be **GRANTED** and that this matter be **REMANDED** to the 18th Judicial District Court, Parish of Iberville, State of Louisiana.  Plaintiffs should be awarded costs and reasonable attorney's fees in the amount of $400, to be paid by Defendants within 14 days.

Signed in Baton Rouge, Louisiana, on August 21, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**